**UNITED STATES of America,**
**Appellee,**

v.

**Fred Raymond HUDSON, Appellant.**

**No. 25763.**

United States Court of Appeals,
Ninth Circuit.

Oct. 14, 1970.

**414**

David I. Berman (argued), San Diego, Cal., for appellant.

Shelby R. Gott (argued), Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before KOELSCH and ELY, Circuit Judges, and FERGUSON, District Judge.*

PER CURIAM:

Hudson was convicted, in a jury trial, of offenses proscribed by 18 U.S.C. § 545. Urging reversal, he contends that the prosecuting attorney engaged in prejudicial misconduct and that the District Court erred in failing to grant a motion for mistrial made by Hudson on the basis of such alleged misconduct.

An automobile had entered the United States from Mexico. One Crawford was driving the vehicle, and Hudson was riding therein as a passenger. During a border search, at the Port of Entry, Government officials discovered a quantity of drugs in the trunk of the automobile. Hudson denied that he had knowledge of the fact that there were drugs in the trunk, and he, Crawford, and a witness for the defense testified that the lock of the automobile's trunk had been broken during the time that the vehicle was in Mexico. Prosecution witnesses testified that the lock was not broken and was in good working order at the time the vehicle was driven across the border. The jury was permitted to see the automobile during the trial and to observe that, at that time, the lock was broken. In the course of his opening summation to the jury, the prosecuting attorney remarked: "It is my recollection that both Mr. and Mrs. Hudson said that car today is identically the same condition that it was at the time." Since there was no such testimony on the part of Mr. and Mrs. Hudson, the defense objected to the statement and promptly moved for a mistrial. As heretofore indicated, the motion was denied.

While the prosecutor's statement may have been careless, we are not persuaded that it could have been so prejudicial as to require reversal. Before making the statement in question, the prosecuting attorney had remarked: "Now, again, I caution you that you are the trier of the facts and my recollection of the evidence, if it is different than yours, you are the ones to decide what the witnesses said. The court instructed the jury, properly, that "[s]tatements and argument of counsel are not evidence * * *." Since the challenged statement was made during the prosecution's opening argument in summation, the defense had the opportunity, of which it availed itself, to reply to the prosecution's alleged misrepresentation. Finally, it appears that the trial extended over no more than one and one-half days. Thus, we think it unlikely that the jury could have been significantly misled concerning the precise import of the testimony.

Affirmed.

---

* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.